**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gene WILLISON, Defendant–Appellant.**

**No. 00–30265.**
**D.C. No. CR–98–0501–DWM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 16, 2001.

---

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM [*]

Gene Willison appeals his conviction for camping on public lands longer than fourteen days in violation of 43 C.F.R. § 8365.1–2(a), and 51 Fed.Reg. 10277. Willison raises three claims of error. We have jurisdiction pursuant to 28 U.S.C. § 1291. We find no merit in Willison's arguments and therefore AFFIRM the judgment of the district court.

### DISCUSSION

Because the parties are familiar with the facts of the case, we will not repeat them here except as necessary to explain our decision.

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

### A. The Regulations Are Not Void For Vagueness

■ We review *de novo* a claim that a statute or regulation is void for vagueness. *See United States v. Erickson,* 75 F.3d 470, 475 (9th Cir.1996). Willison was found guilty of violating a regulation providing that "[o]n all public lands, no person shall camp longer than the period of time permitted by the authorized officer." 43 C.F.R. § 8365.1–2(a). In the area in which Willison lived, the time limit on camping is fourteen days:

> Persons may occupy any one site or multiple sites within a 5–mile radius on public lands, not otherwise closed or restricted to camping within the Butte District, for not more than 14 days during any 28–day period. Following the 14–day period persons must relocate to another public land site at a distance of 5 miles or more from the site that was just occupied until the completion of the 29–day period. The 14–day limit may be reached either through a number of separate visits or through a period of continuous occupation of a site. Under special circumstances and upon request, the authorized officer may give written permission for extension of the 14–day limit.

51 Fed.Reg. 10277.

This regulation is not vague. It is clear enough to enable people "of common intelligence" to discern its meaning. *Hynes v. Mayor and Council of Borough of Oradell,* 425 U.S. 610, 620, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976). Willison's arguments as to why the statute is void for vagueness as applied to him-that he was mining, and not camping, and that his occupancy of the site was too permanent to constitute camping-are without merit.

### B. Jury Instructions

■ We review a trial court's determination that a defendant is not entitled to a particular jury instruction *de novo. See United States v. Hopper,* 177 F.3d 824, 831 (9th Cir.1999). Willison's argument that he had a right to remain on BLM land pending the outcome of litigation over the terminated lease is insupportable from a legal standpoint. There was therefore no error in rejecting his proffered instructions. Willison was not mining, and had not been mining since 1992 when he was first enjoined from doing so by a federal court. If he was not actually mining, he had no right to occupy public lands for more than fourteen days. Federal regulations make clear that squatting on public land in anticipation of one day being able to mine is not an authorized use. *See* 43 C .F.R. § 3715. These regulations support the conclusion reached by the magistrate judge and the district judge: in order to lawfully occupy public lands for mining purposes, one must actually mine. Willison was not entitled to remain there on the theory that he might someday be able to resume his mining operations.

### C. Presumption of Innocence

■ Finally, the fact that the magistrate judge neglected to instruct the jury on the presumption of innocence at the close of all evidence does not warrant reversal. Because Willison did not request such an instruction or in any way point out the magistrate's oversight, we review his claim for plain error. *See, e.g., United States v. Payne,* 944 F.2d 1458, 1463 (9th Cir.1991).

■ The failure of a court to specifically instruct the jury that a defendant is entitled to a presumption of innocence will not be considered plain error where " 'the record supports a sense that the jury was aware of the presumption of innocence.' "

*United States v.. Garcia–Guizar*, 160 F.3d 511, 524 (9th Cir.1998) (quoting *Payne*, 944 F.2d at 1467). In this case, defense counsel repeatedly referred to the presumption of innocence when questioning prospective jurors, and the judge himself also mentioned it once during voir dire proceedings. In his opening statement, defense counsel again reminded the jury that Willison was to be presumed innocent. Thus, the record fully supports the conclusion that the jury was adequately informed of the presumption of innocence.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

** Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.